UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

TERRI L. STEFFEN,

    Debtor.

_____/

TERRI L. STEFFEN,

    Appellant,

v.                                                                              CASE NO: 8:09-cv-1953-T-RAL

STEVEN M. BERMAN, SETH P. TRAUB,
JENAY E. IURATO, DOUGLAS N. MENCHISE,
and SHUMAKER, LOOP & KENDRICK, LLP,

    Appellees.

_____/

# **O R D E R**

    Before the Court is Appellees' Renewed Motion for Appellate Attorney Fees and Costs as Damages for Appellants' Frivolous Appeal (Dkt. 41), Affidavit of Fees and Costs (Dkt. 43), and Appellant Terri L. Steffen's Response. (Dkt. 42). After careful review and consideration of the motion and the file, the Court concludes that the motion should be granted.

    Sanctions for taking an appeal may be granted in the court's discretion under Rule 8020 of the Federal Rules of Bankruptcy Procedure. Rule 8020 provides in pertinent part that "a district court . . . may award just damages and single or double costs" if the district court finds

that the appeal from an order of the bankruptcy court is frivolous. Because the language of Rule 8020 is similar to Federal Rule of Appellate Procedure 38, courts apply cases interpreting Rule 38 in determining whether to grant sanctions under Rule 8020. See Property Movers, LLC v. Goodwin, 31 Fed. Appx. 81, 83 (4th Cir. 2002) (unpublished opinion); Kadish v. K-Mart Corp., 2006 WL 695452, at *1 (N.D. Ill. Mar. 13, 2006); Safety Nat'l Cas. Corp. v. Kaiser Aluminum & Chem. Corp., 2003 WL 22928045, at *1 (D. Del. Nov. 25, 2003); Pettey v. Belanger, 232 B.R. 543, 548 (D. Mass. 1999); see also Fed.R.Bank.P. 8020 advisory committee note (stating that "[b]y conforming to the language of Rule 38 F. R. App. P., this rule recognizes that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeal.").

The Court must determine whether the appeal is frivolous, or otherwise stated, whether "the result is obvious or when the appellant's argument is wholly without merit." Property Movers, 31 Fed. Appx. at 83; Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir. 1995) (quoting two other Seventh Circuit cases involving Rule 38 of the Federal Rules of Appellate Procedure). In Steffen's case, both the result was obvious and the appellants' arguments were wholly without merit. This Court set forth the law in its order of January 22, 2010 (Dkt. 38), and the law has not changed since that time. Mr. Hammer should have been aware of the Barton[1] doctrine and Carter v. Rodgers, 220 F.3d 1249 (11th Cir. 2000), before he filed the state court lawsuits against the Trustee and the Trustee's law firm in which he complained of abuse of process on the part of the Trustee and his attorneys. After the Trustee removed the cases to the respective bankruptcy courts, rather than timely dismissing the cases,

---

[1] Barton v. Barbour, 104 U.S. 126, 127, 26 L.Ed. 672 (1881).

Mr. Hammer waited until minutes before the hearing to seek a voluntary dismissal of the case before the bankruptcy court below. The bankruptcy court aptly found that it was incredible for Mr. Hammer to be unaware of the <u>Barton</u> doctrine which prohibited his filing the state court lawsuits without seeking leave of court.[2]

To the extent a finding of frivolousness includes a finding of bad faith on the part of the appellants, that the attorney was aware of the lack of merit in the arguments posited is at least one fact to be considered in determining whether an action or appeal is frivolous. <u>See</u> <u>Reid v. United States</u>, 715 F.2d 1148, 1155 (7th Cir. 1983). An award of sanctions is justified if there is "some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." <u>Henry v. Farmer City State Bank</u>, 808 F.2d 1228, 1241 (7th Cir. 1986) (quoting <u>Reid</u>). Based on Mr. Hammer's conduct, the Court finds sufficient bad faith in the prosecution of this appeal to impose sanctions.

With respect to Mr. Hammer's actions taken on behalf of the Appellant-Debtor, Terri Steffen, this Court made it clear that regardless of whether the issue of awarding sanctions was not preserved for appeal, the client is not immune from liability when the client has exhibited obstructive and defiant behavior over the long course of a case. Apart from this ruling, however, this Court determined that Steffen did not properly preserve the issue of whether sanctions should be imposed against her individually as debtor. Steffen did not follow Rule 8006 of the

---

[2] The other arguments made by Mr. Hammer in this appeal were already unsuccessfully argued before the bankruptcy court. They were without merit the first time, and the result in this Court should have been obvious to Mr. Hammer.

Federal Rules of Bankruptcy Procedure, which requires that the issues must be listed before arguing them in a brief, or, at the very least, inferable from those listed. See Snap-On Tools, Inc. v. Freeman, 956 F.2d 252, 255 (11th Cir. 1992); In re Hydratech Utilities, Inc., 2009 WL 482275, at *2 (M.D. Fla. Feb. 25, 2009) (citing Freeman).[3] Here, the only two issues presented were whether the bankruptcy court should have used its inherent powers to sanction Steffen, and whether the bankruptcy court made clearly erroneous findings of fact. No inference can be made from these two issues that Appellants intended to seek review of the issue of whether Steffen could be sanctioned based on an error of Mr. Hammer. Nothing precluded Mr. Hammer from listing that specific issue on the Rule 8006 statement of issues to be presented.

Appellees request that this Court double their attorney fees and costs[4] pursuant to the authority of Rule 8020. Their fees of $7,139.00 for defending this appeal represent 28.3 hours of attorneys' time at an average hourly rate of approximately $250 per hour, which this Court finds is fair and reasonable. (Dkt. 43). This Court exercises its discretion to award the actual, reasonable amount of attorney fees incurred in this appeal, $7,139.00, but declines to double that amount. Appellants must not be left unblemished by choosing to pursue this frivolous appeal; yet, Appellees, in the Court's opinion, should not receive a windfall in this particular case.

It is therefore **ORDERED AND ADJUDGED** that Appellees' Renewed Motion for Appellate Attorney Fees and Costs as Damages for Appellants' Frivolous Appeal (Dkt. 41) is granted. Damages are awarded in the amount of $ 7,139.00 against Appellants jointly and

---

[3] See also In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1302 (11th Cir. 2003).

[4] The affidavit with attachments shows no costs attributed specifically to this appeal.

severally.[5] The Clerk is directed to enter a judgment of attorney fees and costs in favor of Appellees for $7,139.00.

**DONE AND ORDERED** at Tampa, Florida, on June 7, 2010.

        s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[5] See Coghlan v. Starkey, 852 F.2 806 (5th Cir. 1988) (holding that sanctions may be imposed under Rule 38 against the attorney personally or the attorney and the client, or "upon them in specified proportions").